IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cr-130-07 |
| v. ) | |
| ) | |
| BRANDON GLEN KEY, ) | **PLEA AGREEMENT** |
| a/k/a "KEYS," ) | |
| a/k/a "KOKANE KEYS," ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, the defendant, Brandon Glen Key, a/k/a "Keys," a/k/a "Kokane Keys," and defendant's attorney, Ronald Hettich, hereby agree to the following:

1. The defendant acknowledges that the Indictment charges the Defendant with the offenses of:

   Count One: Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, in violation of Title 21, United States Code, Section 846;

   Count Two: Distribution of Oxycodone, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2; and,

   Forfeiture Allegation, requesting forfeiture of a sum of money representing the gross proceeds derived and obtained as a result of the offenses listed above.

2. The defendant has read the charges against defendant in the Indictment, and defendant's attorney has fully explained the charges contained in the Indictment to

defendant. The defendant fully understands the nature and elements of the crimes with which defendant has been charged in the Indictment.

3. The defendant and the attorney for the defendant acknowledge that the defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

4. The defendant will voluntarily plead guilty to the charge contained within Count One of the Indictment, that is, the offense of Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone in violation of 21 U.S.C. § 846.

5. The parties agree that this Plea Agreement shall be filed and become a part of the Court record, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations that it has agreed to make, as specified in this Plea Agreement, then the defendant acknowledges that this agreement will have been fulfilled and that defendant will have no right to withdraw defendant's guilty plea if the Court does not follow those recommendations.

6.   The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count One of the Indictment. In pleading guilty to this charge, the defendant acknowledges the following factual basis for the offenses:

**Count One:**

Beginning in or about 2015 and continuing until in or about 2017, in the District of North Dakota, the Defendant Brandon Glen Key, a/k/a "Keys," a/k/a "Kokane Keys," knowingly and intentionally combined, conspired, confederated, or agreed with others to distribute or possess with intent to distribute prescription pills containing a detectable amount of oxycodone, a Schedule II controlled substance.

In furtherance of this conspiracy, or to effect or accomplish the objects of it, the Defendant Brandon Glen Key, a/k/a "Keys," a/k/a "Kokane Keys," committed the following overt acts:

A.   Beginning in or about 2015, Brandon Glen Key acquired, with intent to distribute, prescription pills containing oxycodone (generally 30 mg pills) from a location outside of the State of North Dakota;

B.   Brandon Glen Key transported, or assisted in transporting, prescription pills containing oxycodone to North Dakota by train, automobile, or other means;

    C.    Brandon Glen Key distributed prescription pills containing oxycodone to other persons in and around Minot, ND, and elsewhere, either himself or through other persons;

    D.    Brandon Glen Key stayed with Natasha Youngbird in Minot, ND, during which times he stored, concealed, and distributed prescription pills containing oxycodone; and,

    E.    On or about May 26, 2017, Brandon Glen Key possessed $5,567.00 in United States currency that was proceeds of the distribution of pills containing oxycodone in or near New Town, ND.

7. The defendant understands that the count within the Indictment to which defendant will plead guilty carries the following maximum penalties:

Count One:

Imprisonment:    20 years
Fine:    $1,000,000
Supervised Release: 3 years (minimum of 3 years)
Special Assessment: $100

The defendant agrees that defendant will pay to the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

4

8.  The defendant understands that by pleading guilty defendant surrenders certain rights, including the following:

(a) The right to a speedy public jury trial with all of the rights pertaining thereto, as follows:

(i) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict defendant unless, after hearing all of the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(ii) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(iii) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and

defendant's attorney would be able to cross examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

(iv)   At a trial the defendant would have a privilege against self-incrimination so that defendant could decline to testify and no inference of guilt could be drawn from defendant's refusal to testify. If the defendant desired to do so, defendant could testify in defendant's own behalf.

(b)   The right to remain silent. The judge will likely ask the defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.   The defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph and that there will be no trial. The defendant's attorney has explained those rights to defendant, and the consequences of defendant's waiver of those rights.

10.   The parties acknowledge that the court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2018)(USSG).

Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct regarding the charges against defendant, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. This agreement does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute the defendant for any offenses under their jurisdictions. This Plea Agreement also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.

12. The defendant understands that the United States Attorney reserves the right to notify any state or federal agency by whom the defendant is licensed, or with whom defendant does business, of the defendant's conviction.

13. The parties agree the following Sentencing Guidelines will apply in this case:

| | | |
|---|---|---|
| USSG § 2D1.1(a)(5)&(c)(8) | 24 | BOL: 100 – 400 kg converted drug wt. (converted per App. Note 8) |

14. The United States agrees to recommend at sentencing a 2-level downward adjustment for acceptance of responsibility, provided that the defendant has demonstrated a genuine acceptance of responsibility for defendant's actions. (USSG 3E1.1(a)) If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

15. The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16. Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guidelines range, and that the Court may depart or vary upward or downward from that range if the

Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure, or what sentencing factors within 18 U.S.C. § 3553(a) justify an upward or downward variance from the Sentencing Guideline range. Both parties reserve the right to object to any departure or variance from the applicable Sentencing Guideline range proposed by the Court on its own motion.

17. Inclusion of the parties' expectations as to the applicable Sentencing Guidelines in this Plea Agreement is not a guarantee to the Defendant that those Sentencing Guidelines will, in fact, be included within the Pre-Sentence Investigation Report ("PSR") or be found to apply by the sentencing Court at the sentencing hearing. The PSR will include a Sentencing Guidelines calculation. Both parties' will have an opportunity to object to the Sentencing Guidelines calculations contained within the PSR. The inclusion of Sentencing Guidelines within this Plea Agreement does not preclude either party from objecting to any of the Sentencing Guidelines contained within the PSR, nor does such inclusion prevent either party from advocating for or against application of other Sentencing Guidelines contained within the PSR that are not included within this Plea Agreement.

Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the sentencing court's determination of the sentencing guideline range at

the sentencing hearing does not entitle Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

    18.    At the time of sentencing, the United States will:

        (a)    recommend a sentence of imprisonment at the low end of the Guideline sentencing range calculated by the Court at the sentencing hearing;

        (b)    recommend the defendant be ordered to serve a 3 year term of supervised release;

        (c)    recommend the defendant be ordered to pay the applicable special assessment;

        (d)    move to dismiss the remaining count of the Indictment and the Forfeiture Allegation.

    19.    The Defendant may recommend any sentence, including any departure or variance from the Sentencing Guideline range, that defendant believes is appropriate, provided Defendant notifies the United States of Defendant's intent to do so within the time frame for filing a sentencing memorandum pursuant to local court rule 32.1(B) (5 business days prior to sentencing hearing).

    20.    The defendant acknowledges and understands that if defendant:

        (a)    violates any term of this Plea Agreement,

(b) engages in any further criminal activity regardless of jurisdiction, severity or whether a conviction results from the charges,

(c) violates any term of defendant's conditions of release regardless of whether a petition is filed or of the ultimate disposition of any petition that is filed,

(d) has, after being charged with the offense(s) in this case, provided false information to any federal, state or local law enforcement officer or any state or federal probation/pre-trial services officer, including any statements made in any proffer interview(s) in connection with this case, either prior to entry into this plea agreement or at any time after entry into this plea agreement,

(e) engages in any form of obstruction of justice, or

(f) fails to appear for the change of plea hearing, sentencing hearing, or any other hearing in this matter,

this Plea Agreement shall become null and void, in whole or in part, at the discretion of the United States, and the defendant will face the following consequences: (1) all testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges

against the defendant and to use any information obtained directly or indirectly from the defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement, including but not limited to its agreement to recommend a certain sentence in the case.

21. The defendant acknowledges that defendant has read each of the provisions of this entire Plea Agreement, with the assistance of counsel, and understands its provisions. The defendant and defendant's attorney have discussed the case and the defendant's Constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

22. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

23. It is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties provided by law.

24. **Defendant's Waiver of Appeal:**

(a) Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the United States Court of Appeals for

the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

(b) Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

(c) By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant reserves only the right to appeal from a sentence that is greater than the upper limit of the Court-determined Sentencing Guidelines range.

(d) Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees

13

that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of the appeal. Moreover, defense counsel may reasonably conclude and inform the appellate court that an appeal is wholly frivolous. Defense counsel may then move to withdraw, citing <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), and <u>Smith v. Robbins</u>, 528 U.S. 259 (2000). Defendant agrees an appeal in violation of this agreement should be dismissed.

(e)   By signing this Plea Agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

25.   The defendant understands that neither the agreements as to the Sentencing Guidelines nor the recommendations concerning the sentence made by the parties are binding on the Court or the Probation and Pretrial Services Office. The defendant further understands that refusal by the Court to accept any or all such agreements or recommendations does not give the defendant a right to withdraw defendant's guilty plea.

26.   The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and

14

Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

27.  The undersigned Assistant United States Attorney and attorney for the defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the undersigned attorneys acknowledge their obligation to attempt, using good-faith efforts, to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference and other informal procedures.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: 1-14-2020    By: _____
Rick L. Volk
Assistant United States Attorney

Dated: 1-2-20    _____
Brandon Glen Key
Defendant

Dated: 1/14/2020    _____
Ronald Hettich
Attorney for Defendant

15